IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:06-CR-00035-KDB-DCK-13

UNITED STATES OF AMERICA,

v.

PHOEBE VICTORIA DAVIS,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant's *pro se* motion docketed as "Motion for Jail Credit." (Doc. No. 623). Defendant asks that she receive jail credit for the time she was in federal custody awaiting sentencing. *Id*. at 2.

The Attorney General (not the sentencing court) is responsible for computing a prisoner's credit. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that the Attorney General, through the BOP, and not the sentencing court, calculates credit for time served). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the BOP. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. *Id.* Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Accordingly, Defendant should address her inquiries regarding the status of her sentence to the BOP. Once her administrative remedies have

been exhausted, she may seek judicial review in the district of confinement through a § 2241 motion[1].

    **IT IS THEREFORE ORDERED** that Defendant's *pro se* motion docketed as "Motion for Jail Credit," (Doc. No. 623), is **DENIED.**

    **SO ORDERED.**

Signed: January 31, 2022

Kenneth D. Bell
United States District Judge

---

[1] Defendant is currently confined in Alderson Prison Camp which is located in the Southern District of West Virginia.